IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 7:18-cr-00477-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Gregory Preston Coker, Jr. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Gregory Coker's Pro Se Motion to Mandate/Order a "Rectification" of his Presentence Investigation Report ("PSR").  ECF No. 94.

## BACKGROUND

Mr. Coker pleaded guilty to possession with intent to distribute crack cocaine and oxycodone and was sentenced to seventy-two months' imprisonment.  ECF Nos. 54, 70. During sentencing, the Court recommended that Mr. Coker be evaluated for and placed in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP").[1]  ECF No. 70 at 2.  Mr. Coker appealed the judgment to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's decision.  ECF Nos. 69, 81.  Subsequently, Mr. Coker petitioned the United States Supreme Court for a writ of certiorari, which was denied.  ECF No. 82.  He now moves the Court for an Order rectifying his PSR by removing the two-level enhancement, imposed in the calculation of Mr. Coker's total offense level, for possession of a dangerous weapon pursuant to United States Sentencing Guidelines ("USSG") § 2D.1.1(b)(1).  ECF No. 94; *see* ECF No. 65 at 7, 14.

---

[1] Mr. Coker informs the Court in his Motion that he is currently participating in the RDAP program.  ECF No. 94 at 2.

## APPLICABLE LAW

18 U.S.C. § 3621(e)(1) provides that the BOP "shall, subject to the availability of appropriations, provide residential substance abuse treatment" for eligible prisoners. Section 3621(e)(2)(A) states that "[a]ny prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate."  18 U.S.C. § 3621(e)(2)(A).   As an incentive for prisoners' successful completion of the treatment program, the BOP may reduce "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program, . . . but such reduction may not be more than one year from the term the prisoner must otherwise serve."  *Id.* § 3621(e)(2)(B); *see* 20 C.F.R. § 550.55(a)(2) ("Inmates may be eligible for early release by a period not to exceed twelve months if they: . . . [s]uccessfully complete a RDAP . . . .").  However, "[a]s an exercise of the Director's discretion, . . . "[i]nmates who have a current felony conviction for: . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon" are not eligible for early release.  20 C.F.R. § 550.55(b)(5)(ii).

## DISCUSSION

Mr. Coker argues that, during his sentencing hearing, the Court sustained his counsel's objection to the two-level enhancement for possession of a dangerous weapon. *See* ECF No. 94 at 3.  He therefore requests that the Court order a rectification of his PSR "to reflect the Judge's words and disposition as to the [two]-point gun enhancement." ECF Nos. 94 at 3; 94-1 at 2–3.  He contends that he is eligible to receive up to a twelve-

month reduction of his term of imprisonment following completion of RDAP, but the BOP has refused to reduce his term because of the two-level enhancement for his gun possession.  ECF No. 94 at 2.

After careful review of Mr. Coker's arguments, his PSR, the sentencing hearing transcript, and the relevant law, the Court finds that there is no legal basis upon which to order a rectification of his PSR.  The objection raised by Mr. Coker's counsel at sentencing and referenced in his Motion was to the two-level enhancement imposed for reckless endangerment during flight pursuant to USSG § 3C1.2.  ECF Nos. 94-1 at 1–3; *see* ECF No. 94-2 at 1.  A thorough review of the sentencing hearing transcript indicates that Mr. Coker's counsel did not object to the two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1).  Regardless, the factual findings set forth in the PSR, which this Court adopted for purposes of sentencing, states at paragraph 17 that "a Springfield, XD model, .40 caliber pistol (serial number XD315280)" was found in the vehicle in which Mr. Coker was a passenger at the time the vehicle was stopped and searched.  ECF No. 65 at 7.  As a result, the two-level enhancement for possession of a dangerous weapon indicated at paragraph 50 of the PSR is accurate and does not warrant a rectification.  Therefore, the Motion must be denied.

The Court notes that a reduction of an inmate's term of imprisonment based on the successful completion of RDAP lies within the sound discretion of the Director of the BOP. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons . . . ." (emphasis added)); *see also Rublee v. Fleming*, 160 F.3d 213, 216 (5th Cir. 1998) ("[T]he language of § 3621(e)(2)(B) affords the BOP discretion

in deciding whether to allow early release upon completion of the drug-treatment program described in the statute.").  Indeed, prisoners may have "an anticipation or expectation of early release through completing the [RDAP] program," *Ortega v. Fed. Bureau of Prisons*, 2020 WL 1865068, at *3 (E.D. Va. Apr. 14, 2020), but "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  *See also Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir. 2000) ("Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest.").

## CONCLUSION

For the reasons set forth above, Defendant's Pro Se Motion to Mandate/Order a "Rectification" of his Presentence Investigation Report is **DENIED**.  Given the amount of correspondence previously submitted, Mr. Coker is hereby instructed not to file any additional motions or other documents regarding this issue.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 25, 2022
Spartanburg, South Carolina